UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


ROBERT WEISLER III                                     NO. _____

VERSUS                                                        Section "___"

JEFFERSON PARISH SHERIFF'S OFFICE
AND OFFICER "DOES"


**COMPLAINT**

Plaintiff ROBERT WEISLER III ("Plaintiff"), through undersigned counsel, brings suit

as follows:

**<u>JURISDICTION AND VENUE</u>**

1.

This action is brought pursuant to 42 U.C.S. §§ 1983 and 1988 for claims arising under

the United States Constitution, under the Constitution of the State of Louisiana, and under

Louisiana state law.


2.

Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

3.

Plaintiff's claims for declaratory relief are authorized pursuant to 28 U.S.C. §§ 2201 and

2202.

4.

Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 over any and all state constitutional and state law claims that are so related as to form part of the same case or controversy as those claims within this Court's original jurisdiction.

5.

Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b), as the events giving rise to the claim occurred in the Eastern District of Louisiana.

**JURY DEMAND**

6.

Plaintiff demands a trial by jury in this action on each and every one of his claims.

**PARTIES**

7.

Plaintiff ROBERT WEISLER III is an adult citizen of the United States, presently and at all times relevant to this Complaint residing in Marrero, Louisiana, in Jefferson Parish.

8.

Defendant JEFFERSON PARISH SHERIFF'S OFFICE ("JPSO") is a police department which acts as the agent of Jefferson Parish in the area of law enforcement. JPSO assumes the risks incidental to the employment of police officers.

9.

Defendant police officers John Does ("Does") are and/or were at all times relevant to this Complaint, officers, employees and agents of JPSO. Officer Does are appointed and acting as law enforcement agents of the JPSO. Officer Does are sued in their individual and official capacities.

10.

Defendants Officer Does were, at all times relevant to this Complaint, acting under the color of state law in the course and scope of their duties and functions as agents, employees and officers of JPSO. Officer Does acted on behalf of JPSO and Jefferson Parish with the power and authority vested in them as officers, agents and employees of JPSO.

**STATEMENT OF FACTS**

11.

Plaintiff is a former police officer in both Louisiana and Mississippi.

12.

Plaintiff is now disabled and has retired as a police officer.

13.

Plaintiff takes several prescription and over-the-counter medications at the instructions of his physician.

14.

On September 8, 2015, Plaintiff was pulled over by Officer Does while driving in his vehicle, a white Ford Crown Victoria. Plaintiff committed neither a traffic violation nor any other violation.

15.

Plaintiff was questioned by Officer Does. Plaintiff showed them his police identification cards and explained he was retired. Officer Does placed him under arrest for impersonating a police officer.

16.

Officer Does searched Plaintiff's person and vehicle. At all times during the encounter, Plaintiff was in total compliance with the law.

17.

Officer Does discovered a bottle of about 20 pills of several different medications – some over-the-counter and the rest for which Plaintiff had a valid and current prescription from a physician, which he did not carry with him in his vehicle that day. Officer Does seized a knife from Plaintiff's pocket.

18.

Plaintiff was processed and held in the Jefferson Parish Correctional Center for 36 hours.

19.

Plaintiff was charged with one count of false impersonation of a police officer under La. R.S. 14:112.1 and with several possession charges for medications that were all either over-the-counter or for which Plaintiff had a valid prescription.

20.

On February 4, 2016, all charges against him were dismissed during a pre-trial conference.

21.

Although the charges were dismissed, the actions of Officer Does have caused Plaintiff emotional and financial injury, pain and suffering, mental anguish, and deprivation of his constitutional rights. He has been publicly humiliated by his arrest and imprisonment before his family, friends and the community. The arrest and imprisonment were published online and in the newspaper.

22.

This ordeal has caused Plaintiff severe trauma as the result of being publicly arrested without any cause and unlawfully imprisoned for 36 hours.

23.

At all times herein, Officer Does had no probable cause or reasonable suspicion to arrest, charge or detain Plaintiff. Their wrongful actions were based on malice and bad faith and were conducted in reckless disregard of Plaintiff's civil rights.

## STATEMENT OF CLAIMS

### FIRST CAUSE OF ACTION: VIOLATION OF 42 U.S.C. §1983 AND THE FOURTH AND FIFTH AMENDMENTS OF THE U.S. CONSTITUTION AGAINST ALL DEFENDANTS

24.

Plaintiff re-alleges paragraphs 1-23 of this Complaint and further states that:

25.

The acts of all Defendants, under color of state law, in arresting the Plaintiff without lawful justification and with deliberate disregard for Plaintiff's rights caused severe injury to Plaintiff in violation of his Constitutional Rights as guaranteed by the Fourth and Fifth Amendments of the U.S. Constitution. As a result, Defendants are liable for violation of 42 § 1983, prohibiting the deprivation under color of state law of rights secured under the United States Constitution.

26.

As a result of Defendants' actions, Plaintiff has suffered violations of his due process rights under the Fourth and Fifth Amendments.

27.

As a direct and proximate cause of the Defendants' violations of his rights, Plaintiff has suffered and continues to suffer injury including mental and emotional pain and suffering, anguish, humiliation and embarrassment, and social and financial injury.

<u>SECOND CAUSE OF ACTION: VIOLATION OF 42 U.S.C. §1983 AND THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION AGAINST ALL DEFENDANTS</u>

28.

Plaintiff re-alleges paragraphs 1-23 of this Complaint and further states that:

29.

The acts of all Defendants, under color of state law, in arresting the Plaintiff without lawful justification and with deliberate disregard for Plaintiff's rights caused severe injury to Plaintiff in violation of his Constitutional Right to be free from malicious prosecution as guaranteed by the Fourth Amendment of the U.S. Constitution. As a result, Defendants are liable for violation of 42 § 1983, prohibiting the deprivation under color of state law of rights secured under the United States Constitution.

30.

As a result of Defendants' actions, Plaintiff has suffered violations of his due process rights under the Fourth Amendment.

31.

As a direct and proximate cause of the Defendants' violations of his rights, Plaintiff has suffered and continues to suffer injury including mental and emotional pain and suffering, anguish, humiliation and embarrassment, and social and financial injury.

<u>THIRD CAUSE OF ACTION: VIOLATION OF 42 U.S.C. §1983 AND THE FIFTH
AMENDMENT OF THE U.S. CONSTITUTION AGAINST ALL DEFENDANTS</u>

32.

Plaintiff re-alleges paragraphs 1-23 of this Complaint and further states that:

33.

The acts of all Defendants, under color of state law, in arresting the Plaintiff without

lawful justification and with deliberate disregard for Plaintiff's rights caused severe injury to

Plaintiff in violation of his Constitutional Rights as guaranteed by the Fifth Amendments of the

U.S. Constitution granting Plaintiff the right to be free from any deprivation of liberty without

due process of law. As a result, Defendants are liable for violation of 42 § 1983, prohibiting the

deprivation under color of state law of rights secured under the United States Constitution.

34.

As a result of Defendants' actions, Plaintiff has suffered violations of his due process

rights under the Fifth Amendment.

35.

As a direct and proximate cause of the Defendants' violations of his rights, Plaintiff has

suffered and continues to suffer injury including mental and emotional pain and suffering,

anguish, humiliation and embarrassment, and social and financial injury.

<u>FOURTH CAUSE OF ACTION: La. Const. art. I, § 2</u>

32.

Plaintiff re-alleges paragraphs 1-23 of this Complaint and further states that:

33.

The acts of all Defendants, under color of state law, in arresting the Plaintiff without lawful justification and with deliberate disregard for Plaintiff's rights caused severe injury to Plaintiff in violation of his rights as guaranteed by La. Const. art. I, § 2 granting Plaintiff the right to be free from any deprivation of life, liberty or property except by due process of law. As a result, Defendants are liable.

34.

As a result of Defendants' actions, Plaintiff has suffered violations of his due process rights under the Louisiana Constitution.

35.

As a direct and proximate cause of the Defendants' violations of his rights, Plaintiff has suffered and continues to suffer injury including mental and emotional pain and suffering, anguish, humiliation and embarrassment, and social and financial injury.

FIFTH CAUSE OF ACTION: La. Const. art. I, § 5

36.

Plaintiff re-alleges paragraphs 1-23 of this Complaint and further states that:

37.

The acts of all Defendants, under color of state law, in arresting the Plaintiff without lawful justification and with deliberate disregard for Plaintiff's rights caused severe injury to Plaintiff in violation of his rights as guaranteed by La. Const. art. I, § 5 granting Plaintiff the right to be secure from invasions of privacy.

38.

As a result of Defendants' actions, Plaintiff has suffered violations of his privacy rights under the Louisiana Constitution.

39.

As a direct and proximate cause of the Defendants' violations of his rights, Plaintiff has suffered and continues to suffer injury including mental and emotional pain and suffering, anguish, humiliation and embarrassment, and social and financial injury.

SIXTH CAUSE OF ACTION: State Law Tort Claims

40.

Plaintiff re-alleges paragraphs 1-23 of this Complaint and further states that:

41.

The wrongful acts of all Defendants, under color of state law, in arresting the Plaintiff without lawful justification and with deliberate disregard for Plaintiff's rights, caused severe injury to Plaintiff and constituted the intentional torts of false arrest and false imprisonment under Louisiana state law and jurisprudence.

42.

As a direct and proximate cause of the Defendants' violations , Plaintiff has suffered and continues to suffer injury including mental and emotional pain and suffering, anguish, humiliation and embarrassment, and social and financial injury.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff ROBERT WEISLER III requests this Honorable Court to grant him the following relief, jointly and severally, against all Defendants:

A.     Declaratory judgment that the Defendants' actions violated Plaintiff's rights as secured by 42 U.S.C. § 1983, the United States Constitution, the Louisiana Constitution, and applicable state law;

B.     Compensatory damages for violation of his rights in accordance with the United States Constitution, the Louisiana Constitution, and applicable state law;

C.     Compensatory damages for injury to Plaintiff including, but not limited to, emotional distress and any other compensatory damages as permitted by law;

D.     Costs and attorney fees pursuant to 42 U.S.C. §§ 1920 and 1988;

E.     Any and all further relief that this Honorable Court may deem just and proper.

Respectfully Submitted,

**/s Craig J. Mordock_____**
Craig J. Mordock (#27014)
**MORDOCK LAW GROUP**
3909 Bienville St., Suite 105-B
New Orleans, LA 70119
Telephone:     (504) 304-2335
Facsimile:     (504) 342-2154

**/s Jacqueline C. Barber_____**
Jacqueline C. Barber (#36362)
**LAW OFFICE OF JACQUELINE BARBER**
1340 Poydras Street, Suite 2000
New Orleans, LA 70112
Telephone:     (504) 655-8361
Facsimile:     (504) 407-2101
E-mail:jackie@jcbfirm.com

***ATTORNEYS FOR PLAINTIFF***