UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT WEISLER, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-14582** |
| **JEFFERSON PARISH SHERIFF'S OFFICE, ET AL** | **SECTION "G"(4)** |

## ANSWER AND AFFIRMATIVE DEFENSES

**NOW INTO COURT**, through undersigned counsel, come defendants, Sheriff Newell Normand, Deputy Travis Enclard, Deputy Julio Alvarado, Deputy Mike Leyva, Deputy Russell Varmall, and Deputy Blake Hollifield, who in response to the Original and First Amended Complaint filed herein by the plaintiff, respectfully submit the following:

### FIRST DEFENSE

The Complaint fails to state a claim against the defendants upon which relief can be granted.

### SECOND DEFENSE

All of the acts and actions taken by the defendants herein were reasonable under the circumstances and do not support a claim under a theory of vicarious liability or *respondeat superior*.

### THIRD DEFENSE

That the plaintiff, by virtue of his own actions and conduct, was guilty of negligence and/or contributory negligence and/or assumption of the risk, all of which will be more fully shown at the trial of this matter.

### FOURTH DEFENSE

The Court is without jurisdiction in this matter inasmuch as the amount in controversy, exclusive of interest and costs, does not exceed the sum and value of $75,000.00.

### FIFTH DEFENSE

The Court is without jurisdiction as to all claims asserted by the plaintiff in this matter inasmuch as the Complaint fails to state a proper claim for relief under the Constitution of the United States or any United States statute.

### SIXTH DEFENSE

All of the acts and actions taken by the defendants herein were reasonable under the circumstances and were taken pursuant to valid and constitutional policies and in no way provide any basis for any claim under *Monell*.

### SEVENTH DEFENSE

Defendants further submit that the claims of the plaintiff are frivolous, groundless and unreasonable and, as such, the defendants are entitled to an award against the plaintiff for all attorney's fees and costs expended in this matter pursuant to 42 USC 1983.

### EIGHTH DEFENSE

Defendants affirmatively plead qualified immunity and any other applicable immunities and/or limitations of liability as provided for in the Constitution and laws of the United States

and the Constitution and laws of the State of Louisiana, including but not limited to the discretionary immunity provided in La. R.S. 9:2798.1.

### NINTH DEFENSE

Any and all damages and/or injuries sustained or incurred by the plaintiff were the fault of individuals and/or entities over whom the defendants have no control.

### TENTH DEFENSE

Plaintiff's claims are barred and/or premature pursuant to the doctrines established by the case law in *Heck v. Humphrey*.

### ELEVENTH DEFENSE

And now, defendants respond to the allegations of the plaintiff's original and supplementing Complaints, paragraph by paragraph, as follows:

I.

The allegations contained in paragraph 1 require no answer. However, in an abundance of caution, those allegations are denied.

II.

The allegations contained in paragraph 2 require no answer. However, in an abundance of caution, those allegations are denied.

III.

The allegations contained in paragraph 3 are denied for lack of sufficient information upon which to justify a belief therein.

IV.

The allegations contained in paragraph 4 require no answer. However, in an abundance of caution, those allegations are denied.

V.

The allegations contained in paragraph 5 are admitted.

VI.

The allegations contained in paragraph 6 require no answer.  However, defendants join in requesting trial by jury on all issues herein.

VII.

The allegations contained in paragraph 7 are denied for lack of sufficient information upon which to justify a belief therein.

XVIII.

The allegations contained in paragraph 8, as they pertain to the status of the defendants, are admitted; all other allegations are denied.

IX.

The allegations contained in paragraph 9 are denied, except to admit that all actions taken by the defendant deputies were taken pursuant to their duties and responsibilities as duly appointed law enforcement agents for the Parish of Jefferson.

X.

The allegations contained in paragraph 10 are denied for lack of sufficient information upon which to justify a belief therein.

XI.

The allegations contained in paragraph 11 are denied for lack of sufficient information upon which to justify a belief therein.

XII.

The allegations contained in paragraph 12 are denied for lack of sufficient information upon which to justify a belief therein.

XIII.

The allegations contained in paragraph 13 are denied.

XIV.

The allegations contained in paragraph 14 are denied for lack of sufficient information upon which to justify a belief therein.

XV.

The allegations contained in paragraph 15 are denied as written.

XVI.

The allegations contained in paragraph 16 are denied.

XVII.

The allegations contained in paragraph 17 are denied are denied for lack of sufficient information upon which to justify a belief therein.

XVIII.

The allegations contained in paragraph 18 are denied for lack of sufficient information upon which to justify a belief therein.

XIX.

The allegations contained in paragraph 19 are denied for lack of sufficient information upon which to justify a belief therein.

XX.

The allegations contained in paragraph 20 are denied for lack of sufficient information upon which to justify a belief therein.

XXI.

The allegations contained in paragraph 21 are denied.

XXII.

The allegations contained in paragraph 22 are denied for lack of sufficient information upon which to justify a belief therein.

XXIII.

The allegations contained in paragraph 23 are denied for lack of sufficient information upon which to justify a belief therein.

XXIV.

The allegations contained in paragraph 24 are denied.

XXV.

The allegations contained in paragraph 25 are admitted.

XXVI.

The allegations contained in paragraph 26 require no answer. However, in an abundance of caution, those allegations are denied.

XXVII.

The allegations contained in paragraph 27 are denied.

XXVIII.

The allegations contained in paragraph 28 are denied.

XXIX.

The allegations contained in paragraph 29 are denied for lack of sufficient information upon which to justify a belief therein.

XXX.

The allegations contained in paragraph 30 require no answer. However, in an abundance of caution, those allegations are denied.

XXXI.

The allegations contained in paragraph 31 are denied.

XXXII.

The allegations contained in paragraph 32 are denied.

XXXIII.

The allegations contained in paragraph 33 are denied.

XXXIV.

The allegations contained in paragraph 34 require no answer. However, in an abundance of caution, those allegations are denied.

XXXV.

The allegations contained in paragraph 35 are denied.

XXXVI.

The allegations contained in paragraph 36 are denied.

XXXVII.

The allegations contained in paragraph 37 are denied.

XXXVIII.

The allegations contained in paragraph 38 require no answer. However, in an abundance of caution, those allegations are denied.

XXXIX.

The allegations contained in paragraph 39 are denied.

XL.

The allegations contained in paragraph 40 are denied.

XLI.

The allegations contained in paragraph 41 are denied.

XLII.

The allegations contained in paragraph 42 require no answer. However, in an abundance of caution, those allegations are denied.

XLIII.

The allegations contained in paragraph 43 are denied.

XLIV.

The allegations contained in paragraph 44 are denied.

XLV.

The allegations contained in paragraph 45 are denied for lack of sufficient information upon which to justify a belief therein.

XLVI.

The allegations contained in paragraph 46 require no answer. However, in an abundance of caution, those allegations are denied.

XLVII.

The allegations contained in paragraph 47 are denied.

XLVIII.

The allegations contained in paragraph 48 are denied.

XLIX.

The allegations contained in paragraph 49 are denied for lack of sufficient information upon which to justify a belief therein.

L.

The allegations contained in paragraph 50 require no answer. However, in an abundance of caution, those allegations are denied.

LI.

The allegations contained in paragraph 51 are denied.

LII.

The allegations contained in paragraph 52 are denied for lack of sufficient information upon which to justify a belief therein.

LIII.

The allegations contained in paragraph 53 require no answer. However, in an abundance of caution, those allegations are denied.

LIV.

The allegations contained in paragraph 54 are denied as written. However, the allegation that Sheriff Normand, as the Chief Law Enforcement Officer for the Parish of Jefferson, is responsible for the policies of the Jefferson Parish Sheriff's Office is admitted.

LV.

The allegations contained in paragraph 55 are denied.

LVI.

The allegations contained in paragraph 56 are denied.

LVII.

The allegations contained in paragraph 57 are denied.

LVIII.

The allegations contained in paragraph 58 are denied.

LIX.

The allegations contained in paragraph 59 are denied.

LX.

The allegations contained in paragraph 60 are denied.

**WHEREFORE,** defendants, Sheriff Newell Normand, Deputy Travis Enclard, Deputy Julio Alvarado, Deputy Mike Leyva, Deputy Russell Varmall, and Deputy Blake Hollifield, pray that this Answer be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of defendants, Sheriff Newell Normand, Deputy Travis Enclard, Deputy Julio Alvarado, Deputy Mike Leyva, Deputy Russell Varmall, and Deputy Blake Hollifield, and against the plaintiff, Robert Weisler, III, dismissing the plaintiff's original and amending complaints, with prejudice, and at plaintiff's costs.

Respectfully submitted,

**MARTINY & ASSOCIATES, LLC**
131 Airline Highway - Suite 201
Metairie, Louisiana 70001
Telephone: (504) 834-7676
Facsimile: (504) 834-5409

*/s/ Daniel R. Martiny*
**DANIEL R. MARTINY (9012)**
**JEFFREY D. MARTINY (35012)**
Attorneys for Defendants, Sheriff Newell Normand, Deputy Travis Enclard, Deputy Julio Alvarado, Deputy Mike Leyva, Deputy Russell Varmall, and Deputy Blake Hollifield

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of November, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record herein.

*/s/ Daniel R. Martiny*
DANIEL R. MARTINY (9012)