# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ROBERT WEISLER, III**                              **CIVIL ACTION**

**VERSUS**                                           **CASE NO. 16-14582**

**JEFFERSON PARISH SHERIFF'S OFFICE, et al.**        **SECTION: "G"(4)**

## ORDER

Pending before the Court is "Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. 12(c) or, alternatively, for Summary Judgment Pursuant to F.R.C.P. 56 and to Dismiss as Frivolous Pursuant to 28 U.S.C. § 1915(e)."[1] Plaintiff, Robert Weisler, claims that he was falsely arrested on September 8, 2015, by Defendants David Michel[2] and Travis Enclard of the Jefferson Parish Sheriff's Office. Plaintiff also claims that he was then held in the Jefferson Parish Correctional Center for 36 hours without being allowed to take his medications, in violation of his Eighth Amendment rights. Plaintiff also names as defendants, in their individual and official capacities: Newell Normand, who served as Jefferson Parish Sheriff at all pertinent times; and Julio Alvarado, Mike Leyva, Russell Varmall, and Blake Hollifield, who each served as an officer for the Jefferson Parish Sheriff's Office at all pertinent times. Having reviewed the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant Defendants' motion for summary judgment.

## I. Background

According to the instant motion, Detective David Michel and Deputy Travis Enclard of the Jefferson Parish Sheriff's Office pulled Plaintiff over on September 8, 2015, as Plaintiff was

---

[1] Rec. Doc. 24.

[2] With regret, the Court notes that Detective Michel was killed in an unrelated line-of-duty incident. Although named in Plaintiff's Complaint, he has not been served with the instant suit.

driving his white Ford Crown Victoria.[3] Defendants state that Plaintiff was pulled over for operating his vehicle with "extremely dark window tint."[4] According to Defendants, Plaintiff was asked to roll down his rear passenger window, so Detective Michel could observe the vehicle.[5] Plaintiff alleges that he was asked whether he was a police officer, and he answered affirmatively.[6] Plaintiff avers that he then explained that he was retired, and he was placed under arrest for false personation under La. R.S. 14:112.[7] Upon arrest, Detective Michel conducted a search incidental to arrest of Weisler and recovered a bottle full of prescription medicine in Weisler's pocket.[8] Plaintiff alleges that he was held in the Jefferson Parish Correctional Center for 36 hours.[9] Plaintiff avers that he signed and paid for the citation regarding the tinted windows, and all other charges were dismissed.[10]

Defendants filed the instant motion on August 29, 2017.[11]

## II. Parties' Arguments

### A. *Defendants' Argument in Support of the Motion to Dismiss*

#### a. *There Was No False Arrest Because Plaintiff Pleaded Guilty to the Underlying Cause of the Stop*

Defendants assert that Plaintiff brings this action pursuant to Section 1983, challenging the manner of his arrest and his alleged conviction.[12] Defendants aver that Plaintiff's claim "is not cognizable," since Plaintiff was "convicted in the underlying criminal prosecution."[13] Defendants

---

[3] Rec. Doc. 24-1 at 3.
[4] *Id.*
[5] *Id.*
[6] Rec. Doc. 27 at 2.
[7] *Id.*
[8] Rec. Doc. 27 at 2.
[9] Rec. Doc. 1 at 4.
[10] Rec. Doc. 27 at 2.
[11] Rec. Doc. 24.
[12] *Id.* at 8.
[13] *Id.* at 9. (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994))

also argue that Plaintiff's false arrest claim pursuant to Louisiana law is "barred for the same reason as Plaintiff's federal claim."[14] Defendants further state that Louisiana "does not allow state law claims to withstand summary judgment if the claims challenge the validity of the underlying criminal conviction."[15]

Defendants aver that "the cause for Plaintiff's initial stop was that his window tint was in violation of La. R.S. 32:361.1," and, according to Defendant, "Plaintiff pleaded guilty to this offense."[16] Thus, Defendants state, Plaintiff's claims under any theory of false arrest ought to be dismissed.

### b. Plaintiff Admits Probable Cause Existed for His Arrest

Defendants state, "The existence of probable cause for an arrest is a bar to a § 1983 Fourth Amendment claim for unlawful arrest and false imprisonment."[17] Defendants argue that Plaintiff does not challenge that probable cause existed for the stop based on his window tint.[18] Instead, Defendants assert, Plaintiff argues that there was no probable cause for false personation, and Plaintiff would have been free to go if not for that charge.[19] Defendants argue that Plaintiff is incorrect that he necessarily would have been free to go.[20]

First, Defendants assert that, according to the United States Supreme Court, an officer may arrest a potential offender without violating the Fourth Amendment if the officer has probable cause to believe that the individual committed even a minor crime.[21] Thus, Defendants aver, the

---

[14] *Id.* at 10.
[15] *Id.* (citing *Sheppard v. City of Alexandria*, No. 10-1396, 2012 WL 3961820, at *2 (W.D. La. Sept. 10, 2012)).
[16] *Id.* at 11.
[17] *Id.* (citing *Pfannstiel v. Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990)).
[18] *Id.* The Court notes that Defendants state, "Plaintiff does challenge the probable cause that the Deputies had to make the traffic stop based on Plaintiff's illegal window tint in his Complaint and Amended Complaint, or in his deposition." However, based on the context of the sentence and the argument, it is clear that Defendants meant that Plaintiff does *not* challenge the probable cause regarding the window tint.
[19] *Id.* at 12.
[20] *Id.*
[21] *Id.* (citing *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001)).

arrest did not violate a constitutional right, since Defendants had probable cause to believe that Plaintiff was driving with illegally tinted windows.[22]

Second, Defendants argue that there is no Fourth Amendment violation if the arresting officer has probable cause to arrest an individual for any crime.[23] Defendants assert that Plaintiff admits that he had illegally tinted windows, and that Plaintiff also admits that he had a single prescription bottle with multiple prescription medications without prescriptions for the medications.[24] Thus, Defendants argue, "[I]t is irrelevant whether probable cause existed to arrest Plaintiff for impersonation of a peace officer."[25]

Third, Defendants aver, it is irrelevant that charges were later dropped; the court evaluates the reasonableness of the officers' actions "in light of the cause that existed *at the time of arrest*."[26] Defendants state that probable cause may be evaluated by "[p]ractical common sense."[27] Defendants then argue that "under the totality of the circumstances and the prescribed reasonableness test it is clear that the Defendants had probable cause to believe that Plaintiff was committing or had committed an offense."[28] Thus, Defendants contend that a false arrest or false imprisonment did not occur.

### c. There is No Cognizable Cause of Action Under the Eighteenth Amendment

Defendants state that the Eighteenth Amendment, a violation of which was alleged in "Plaintiff's First Amended Complaint,"[29] became inoperative upon the ratification of the Twenty-First Amendment.[30] Thus, Defendants aver, Plaintiff's Eighteenth Amendment claim

---

[22] *Id.* at 13.
[23] *Id.* (citing *United States v. Bain*, 135 Fed.Appx 695, 697 (5th Cir. 2005)).
[24] *Id.*
[25] *Id.*
[26] *Id.* at 14 (citing *Mendenhall v. Riser*, 213 F.3d 226, 231 (5th Cir. 2000)).
[27] *Id.*
[28] *Id.*
[29] Rec. Doc. 3 at 9.
[30] Rec. Doc. 24-1 at 15. The Court notes that Plaintiff's argument is actually referring to the Eighth Amendment, as

ought to be dismissed.[31]

### d. There is No Cause of Action Against Sheriff Normand in His Individual or Official Capacity

Defendants state that there is a heightened pleading standard to state a Section 1983 claim against Sheriff Normand in his individual capacity that requires alleging "specific conduct and actions giving rise to constitutional violations."[32] Quoting *Ashcroft v. Iqbal*, Defendants provide, "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions has violated the Constitution."[33] Moreover, Defendants assert, there is no underlying tort in the present case, so there is no cause of action for which Sheriff Normand could be liable.[34]

Defendants further contend that "[a] suit against a government official in his official capacity is treated as a suit against the entity."[35] Moreover, Defendants aver, "plaintiff has the burden of proving that there was a constitutional deprivation and that municipal policy was the driving force behind the constitutional deprivation."[36] However, Defendants state, if a Plaintiff fails to prove an underlying constitutional violation arising out of her arrest, then it is irrelevant whether there was a municipal policy that would have authorized such conduct.[37] Defendants argue that Plaintiff failed to allege or show an underlying constitutional violation arising out of

---

Plaintiff states, "The acts or omissions of Defendants, under color of state law, in denying the Plaintiff necessary medication with deliberate indifference to Plaintiff's medical needs and pre-existing medical conditions violated his Constitutional Rights as guaranteed by the Eighteenth Amendment of the U.S. Constitution, which grants Plaintiff *the right to be free from cruel and unusual punishment.*" Rec. Doc. 3 at 10 (emphasis added). Although Plaintiff indicated the Eighteenth Amendment, the Eighth Amendment grants the right to be free from cruel and unusual punishment.

[31] *Id.*

[32] *Id.* at 16 (citing *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2003)).

[33] *Id.* (*Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

[34] *Id.* at 17.

[35] *Id.* (citing *Lee v. Morial*, No. 99-2952, 2000 WL 726882, at *2 (E.D. La. June 2, 2000)).

[36] *Id.* (citing *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978)).

[37] *Id.* at 17-18 (citing *City of Los Angeles v. Heller*, 475 U.S. 797, 811 (1986)).

his arrest, so Plaintiff's claims against Sheriff Normand in his official capacity ought to be dismissed.[38]

### e. Plaintiff's Complaint Ought to Be Dismissed as Frivolous Pursuant to 28 U.S.C. § 1915(e)

Defendants state that a federal court may dismiss a claim if it determines that it is "frivolous or malicious."[39] "A complaint is frivolous 'if it lacks any arguable basis in law or fact.'"[40] Defendants assert that Plaintiff's complaint lacks an arguable basis in law because "Plaintiff had pleaded guilty to a charge for which he was cited prior to filing suit, [and] Plaintiff's claims for false arrest were barred as a matter of law at the time that he filed the instant action."[41] Moreover, Defendants argue, "Plaintiff's claims should be dismissed as factually frivolous because he admits that there existed probable cause," to the extent he admitted to having a single prescription pill bottle with multiple medications and having illegally tinted windows.[42]

## B. Plaintiff's Arguments in Opposition to Defendants' Motion

### a. 12(c) Does Not Allow Defendants to Reach Beyond the Pleadings

Plaintiff acknowledges that "12(c) allows a party to request an action be dismissed on the face of the pleadings." However, Plaintiff argues that "Defendants have simultaneously reached beyond the pleadings by submitting discovery, a deposition, and attaching myriad related exhibits to their motion."[43]

### b. Plaintiff Claims He Was Arrested for False Personation Without Probable Cause, Which is a Genuine Issue of Material Fact

---

[38] *Id.* at 18.
[39] *Id.* at 19 (citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)).
[40] *Id.* (citing *Moore*, 30 F.3d at 620).
[41] *Id.* at 20-21 (citing *Mahogany v. Muwwakkil*, 259 F. App'x 681, 682 (5th Cir. 2007)).
[42] *Id.* at 21.
[43] Rec. Doc. 27 at 2-3.

Plaintiff then states that his charges for false personation were dismissed, so his situation is not analogous to *Heck v. Humphrey*, which is cited by Defendants.[44] Plaintiff argues that false personation was the sole charge for which he was arrested, and it was dismissed.[45] Thus, Plaintiff asserts that Defendants are incorrect in that they "attempt to confuse Mr. Weisler's arrest for false personation with his citation for tinted windows."[46] Plaintiff provides a sample of Deputy Enclard's deposition where the Deputy states that window tint is "not an arrestable offense" in order to substantiate this argument.[47]

Moreover, Plaintiff argues that there is a genuine issue of material fact regarding whether Defendants had probable cause to arrest Plaintiff for false personation.[48] Although Plaintiff concedes that probable cause for the window tint did exist, he argues that dismissing his claim of wrongful arrest for false personation because of the window tint "would create the absurd result that any traffic stop for tinted windows could then be turned into an arrest for any unrelated crime without the existence of probable cause."[49]

Plaintiff asserts that Defendants have failed to present evidence to show that Plaintiff's actions would meet any element of false personation.[50] Plaintiff argues that he stated that he was a retired police officer before the officers' decision to arrest him, and that there is no evidence that he sought any sort of advantage from being a retired police officer.[51]

Plaintiff also asserts that his medications are immaterial to whether probable cause existed for false personation because "[a]t the moment of arrest . . . the medications were not at issue."[52]

---

[44] *Id.* at 3.
[45] *Id.*
[46] *Id.*
[47] *Id.* at 4.
[48] *Id.*
[49] *Id.* at 5.
[50] *Id.*
[51] *Id.* at 5-6.
[52] *Id.* at 6.

Plaintiff avers that probable cause is determined at the moment of arrest, so the proper inquiry is whether there was probable cause for false personation.[53]

### c. There Remains a Genuine Issue of Material Fact Regarding the Qualified Immunity Defense

Moreover, Plaintiff argues that "a fact issue exists as to whether the officers' arrest of Plaintiff was tortious."[54] Plaintiff argues that Defendants' assertion that Weisler has "failed to create a fact issue" regarding an underlying constitutional violation "is inapt to the facts and procedural posture of the case."[55] Plaintiff asserts that there is a genuine issue of material fact as to whether Sheriff Normand and JPSO's conduct meets the burden of the qualified immunity defense.[56] After stating the qualified immunity standard in *Harlow v. Fitzgerald*,[57] Plaintiff argues, "Seargeant Alvarado's testimony as to why the officers had probable cause to arrest Mr. Weisler for false personation demonstrates a profound misunderstanding of the statute."[58] Thus, Plaintiff asserts that there is a genuine issue of material fact "as to whether JPSO and Newell Normand sufficiently and effectively trained and supervised its officers."[59]

Finally, Plaintiff argues that "[t]he officers' own testimony and police report demonstrate the merit of Mr. Weisler's claims."[60] Thus, the standards for a frivolous claim do not apply in the present case, according to Plaintiff.[61]

### III. Legal Standard

#### A. Legal Standard for Federal Rules of Civil Procedure 12(c) and 56

---

[53] *Id.* at 6-7.
[54] *Id.* at 7.
[55] *Id.*
[56] *Id.* at 7-8.
[57] 457 U.S. 800, 818 (1982).
[58] Rec. Doc. 27 at 8.
[59] *Id.*
[60] *Id.*
[61] *Id.*

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."[62] Rule 12(d) further provides, "If on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."[63]

Pursuant to Rule 56, summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[64] When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[65] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[66] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law.[67]

On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[68] Where the non-moving party bears the burden of proof at trial, as here, the party

---

[62] FED. R. CIV. P. 12(c).
[63] FED. R. CIV. P. 12(d).
[64] FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)*; Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[65] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[66] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.
[67] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).
[68] *Celotex,* 477 U.S. at 323.

moving for summary judgment may meet its burden by showing the Court that there is an absence of evidence to support the non-moving party's case.[69] Thereafter, if the moving party satisfies its initial burden, the burden shifts to the non-moving party to "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[70] In doing so, the non-moving party may not rest upon mere allegations or denials in his pleadings, but rather must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[71] A party seeking to establish that a fact is genuinely disputed must support such an assertion by reference to "materials in the record, including depositions, documents . . . affidavits or declarations . . . admissions, interrogatory answers, or other materials."[72] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[73] There is no genuine issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[74]

## B. Legal Standard for Qualified Immunity

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[75]  Qualified immunity is an "immunity

---

[69] *Id.* at 325.
[70] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).
[71] *Morris*, 144 F.3d at 380 (citing *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992)); *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).
[72] FED. R. CIV. P. (c)(1).
[73] *Little*, 37 F.3d at 1075.
[74] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).
[75] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

from suit rather than a mere defense to liability."[76] Once a defendant invokes the defense of

qualified immunity, the plaintiff carries the burden of demonstrating its inapplicability.[77]

In *Saucier v. Katz*, the Supreme Court set forth a two-part framework for analyzing whether

a defendant was entitled to qualified immunity.[78] Part one asks the following question: "Taken in

the light most favorable to the party asserting the injury, do the facts alleged show the officer's

conduct violated a constitutional right?"[79] Part two inquires whether the allegedly violated right is

"clearly established" in that "it would be clear to a reasonable officer that his conduct was unlawful

in the situation he confronted."[80] The Court does not have to address these two questions

sequentially; it can proceed with either inquiry first.[81]

### C. Applicable Law on Section 1983

"To state a claim under § 1983, a plaintiff must show: (1) he or she was deprived of a

federal constitutional or statutory right or interest; (2) this deprivation occurred under the color of

state law; and (3) the defendant was either personally involved in this deprivation or committed

wrongful conduct that is causally connected to it."[82]

### D. Probable Cause Pursuant to the 4th, 5th, and 14th Amendments

The Fourth Amendment establishes the "right of the people to be secure in their persons,

houses, papers, and effects, against unreasonable searches and seizures."[83] Moreover, La. Const.

Art. I, § 5 also prohibits unreasonable searches and seizures, and its "test of whether and when an

---

[76] *Pearson v. Callahan*, 555 U.S. 223, 237 (2009).
[77] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).
[78] 533 U.S. 194 (2001).
[79] *Id.* at 201.
[80] *Id.* at 202.
[81] *See Pearson*, 555 U.S. at 236 ("On reconsidering the procedure required in *Saucier*, we conclude that, while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory."); *see also Cutler v. Stephen F. Austin State Univ.*, 767 F.3d 462, 469 (5th Cir. 2014).
[82] *Thomas v. Pohlmann*, 681 Fed.Appx. 401, 406 (5th Cir. 2017).
[83] U.S. Const. amend. IV.

intrusion on privacy rights occurs as a matter of the Louisiana Constitution is identical to the Fourth Amendment standard."[84] "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed."[85] Moreover, "[w]hether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest."[86] However, an officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause."[87] "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."[88] The Fifth Circuit has stated, "To ultimately prevail on [] section 1983 false arrest claims, [plaintiff] must show that [defendants] did not have probable cause to arrest [him]."[89]

The Fifth Amendment provides, "No person shall . . . be deprived of life, liberty or property, without due process of law."[90] The Fourteenth Amendment also provides that no State shall "deprive any person of life, liberty or property, without due process of law."[91] Similarly, Article 1, Section 2 of the Louisiana Constitution provides, "No person shall be deprived of life, liberty, or property, except by due process of law."[92]

### E. *Applicable Law of the Eighth Amendment*

The Eighth Amendment protects the right to be free from cruel and unusual punishment.[93]

---

[84] *State v. Moultrie*, 2015-2144 (La. 6/29/17); 224 So.3d 349, 352.
[85] *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).
[86] *Id.* (citing *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)).
[87] *Id.*
[88] *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).
[89] *Johnson v. Norcross*, 565 Fed.Appx. 287, 289 (5th Cir. 2014) (citing *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004)).
[90] U.S. Const. Amend. V.
[91] U.S. Const. Amend XIV.
[92] La. Const. Art. I, § 2.
[93] U.S. Const. Amend. VIII.

"The Cruel and Unusual Punishment Clause allows an inmate to obtain relief after being denied medical care if he provides there was a 'deliberate indifference to his serious medical needs.'"[94] "Deliberate indifference is an extremely high standard to meet."[95] "Deliberate indifference requires that the official have subjective knowledge of the risk of harm."[96] "To show subjective deliberate indifference, a plaintiff must present evidence: (i) that each defendant had subjective knowledge of facts from which an inference of substantial risk of serious harm could be drawn; (ii) that each defendant actually drew that inference; and (iii) that each defendant's response to the risk indicates that the defendant subjectively intended that harm to occur."[97]

## IV. Analysis

### A. Whether Plaintiff's Claims are Barred on the Face of the Complaint

Defendants first argue that Plaintiff's claims are barred on the face of the complaint because Plaintiff pleaded guilty to improperly tinted windows.[98] Thus, Defendants assert that they are entitled to judgment under Federal Rule of Civil Procedure 12(c).[99] Defendants quote *Heck v. Humphrey* in asserting,

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction *or sentence* invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. 2254.[100]

Defendants argue that Plaintiff's initial stop was for his excessively dark window tint, and he

---

[94] *Bias v. Woods*, 288 F. App'x 158, 162 (2008) (citing *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).
[95] *Blank v. Eavenson*, 530 F. App'x 364, 368 (5th Cir. 2013) (citing *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)).
[96] *Id.*
[97] *Id.* (citing *Tamez v. Manthey*, 589 F.3d 764, 770 (5th Cir. 2009)).
[98] Rec. Doc. 24-1 at 8.
[99] *Id*
[100] *Id.* at 9 (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).

pleaded guilty to this offense.[101] Therefore, Defendants aver, "Plaintiff is procedurally foreclosed from suing under any theory of false arrest under federal or state law."[102]

In *Walter v. Horseshoe Entertainment*, the Fifth Circuit applied the *Heck* principle for a false arrest claim.[103] The Fifth Circuit stated that the principle applied, since "the plaintiffs were arrested for crimes of which they were ultimately convicted."[104] Here, unlike *Walter*, Plaintiff was arrested for a different crime than his ultimate conviction. Plaintiff was arrested for false personation under Louisiana Revised Statute 14:112,[105] but was convicted for unlawfully tinted windows.[106] Defendants present no authority, and the Court finds none, that suggests bootstrapping Plaintiff's conviction of illegally tinted windows to Plaintiff's arrest of false personation when applying *Heck* is permitted. Thus, Plaintiff's claims cannot be dismissed on the face of the complaint pursuant to Rule 12(c).

### B. *Whether Defendants are Entitled to Summary Judgment as a Matter of Law*

Pursuant to Rule 56, summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[107]

Defendants argue that Plaintiff admits there was probable cause for the deputies to arrest him, since he admits that his windows were improperly tinted.[108] However, Plaintiff reiterates that he was arrested for false personation and only cited for tinted windows.[109] Plaintiff points to

---

[101] *Id.*

[102] *Id.* at 11.

[103] 483 F. App'x. 884, 887 (5th Cir. 2017).

[104] *Id.*

[105] *See* Rec. Doc. 27-4 at 20.

[106] Rec. Doc. 24-1 at 11.

[107] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[108] *Id.*

[109] *Id.* at 3.

Deputy Enclard's deposition testimony, where he stated that improper window tinting is not probable cause for an arrest.[110] Thus, Plaintiff argues, "There exists a genuine issue of material fact as to whether Defendants had probable cause to arrest Mr. Weisler for false personation."[111]

As explained by the U.S. Supreme Court, an officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause."[112] The Court reasoned that "[t]he Fourth Amendment's concern with reasonableness allows certain actions to be taken in certain circumstances, *whatever* the subjective intent."[113] Thus, the fact that officers may not have had probable cause to arrest Plaintiff for false personation is immaterial if probable cause existed for another offense. In his opposition, Plaintiff "concedes that probable cause for the window tint certainly did exist, and he has taken full responsibility for this violation."[114]

Here, rather than disputing probable cause for improper window tint, Plaintiff asserts that a window tint violation is "not an offense for which an arrest may be conducted."[115] However, the Supreme Court has expressly rejected a distinction between "jailable" and "fine-only" offenses.[116] In *Atwater*, where the plaintiff had violated a Texas seatbelt requirement, the Supreme Court held that "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."[117] Here, a "window tint" violation is certainly a "very minor criminal offense" similar to failing to wear a seatbelt.[118] Nevertheless, as recognized by the Supreme Court, it is

---

[110] Rec. Doc. 27 at 4.
[111] *Id.* at 4.
[112] *Devenpeck*, 543 U.S. at 153.
[113] *Id.*
[114] Rec. Doc. 27 at 4.
[115] Rec. Doc. 3 at 5.
[116] *Atwater*, 532 U.S. at 348.
[117] *Id.* at 354.
[118] *See id.*

within police officer authority to arrest an individual for such a violation.

Plaintiff argues that such a determination "would create the absurd result that any traffic stop for tinted windows could then be turned into an arrest for any unrelated crime without the existence of probable cause."[119] However, responding to a similar argument in *Atwater*, the Supreme Court stated that "just as surely the country is not confronting anything like an epidemic of unnecessary minor-offense arrests."[120]

Consequently, the arresting officers had probable cause to arrest Plaintiff for his window tint violation. As stated above, the Fifth Circuit has stated, "To ultimately prevail on [] section 1983 false arrest claims, [plaintiff] must show that [defendants] did not have probable cause to arrest [him]."[121] Thus, Plaintiff's Section 1983 false arrest claims, which include claims regarding the Fourth, Fifth, and Fourteenth Amendments, must be dismissed as a matter of law.

Additionally, Plaintiff's right to privacy claim based on Art. I, § 5 of the Louisiana Constitution must be dismissed, since the "test of whether and when an intrusion on privacy rights occurs as a matter of the Louisiana Constitution is identical to the Fourth Amendment standard."[122] Plaintiff's due process claim based on Art. I, § 2 of the Louisiana Constitution must also be dismissed, since its due process guarantee "does not vary from the Due Process Clause of the Fourteenth Amendment to the United States Constitution."[123] Alternatively, Defendants assert the defense of qualified immunity.[124] Considering Defendants had probable cause to arrest Plaintiff, Defendants did not violate a constitutional right of Plaintiff, and Defendants were acting reasonably and entitled to qualified immunity.

---

[119] Rec. Doc. 27 at 5.
[120] *Atwater*, 532 U.S. at 353.
[121] *Johnson*, 565 Fed.Appx. at 289 (citing *Haggerty*, 391 F.3d at 655).
[122] *Moultrie*, 224 So.3d at 352.
[123] *Progressive Sec. Ins.,* 711 So.2d at 688.
[124] Rec. Doc. 7 at 2-3.

In his amended complaint, Plaintiff also alleges a Section 1983 claim based on an alleged violation of the Eighth Amendment, asserting that Defendants denied Plaintiff necessary medical treatment.[125] As noted above, Plaintiff's amended complaint states that it is alleging a violation of the Eighteenth Amendment.[126] In its motion to dismiss, Defendants assert that there is no cause of action cognizable under the Eighteenth Amendment.[127] Despite Plaintiff's typographical error, the claim asserted is clearly an Eighth Amendment violation, as Plaintiff states that his claim is based on the amendment that "grants Plaintiff the right to be free from cruel and unusual punishment."[128] Defendants do not address whether Plaintiff has a cause of action cognizable under the Eighth Amendment.

However, in Defendants' answer, they affirmatively plead qualified immunity to all of Plaintiff's claims.[129] As stated above, the doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[130] As defendants have invoked the defense of qualified immunity, Plaintiff carries the burden of demonstrating its inapplicability.[131]

Moreover, in *Saucier v. Katz*, the Supreme Court set forth a two-part framework for analyzing whether a defendant was entitled to qualified immunity.[132] Part one asks the following question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"[133] Part two inquires whether the

---

[125] Rec. Doc. 3 at 9–10.
[126] *Id.* at 9.
[127] Rec. Doc. 24-1 at 15.
[128] *Id.* at 10.
[129] Rec. Doc. 7 at 2.
[130] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).
[131] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).
[132] 533 U.S. 194 (2001).
[133] *Id.* at 201.

allegedly violated right is "clearly established" in that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."[134] The Court does not have to address these two questions sequentially; it can proceed with either inquiry first.[135]

"The Cruel and Unusual Punishment Clause allows an inmate to obtain relief after being denied medical care if he provides there was a 'deliberate indifference to his serious medical needs.'"[136] "Deliberate indifference is an extremely high standard to meet."[137] "Deliberate indifference requires that the official have subjective knowledge of the risk of harm."[138] "To show subjective deliberate indifference, a plaintiff must present evidence: (i) that each defendant had subjective knowledge of facts from which an inference of substantial risk of serious harm could be drawn; (ii) that each defendant actually drew that inference; and (iii) that each defendant's response to the risk indicates that the defendant subjectively intended that harm to occur."[139]

In *Lawson v. Dallas County*, the Fifth Circuit held that the plaintiff alleged enough facts to determine that the defendants acted with deliberate indifference to plaintiff's serious medical need.[140] The Fifth Circuit agreed with the district court's finding that "it is common medical knowledge that a paraplegic who is not properly cared for is at substantial risk of developing serious, even life-threatening, decubitus ulcers."[141] Moreover, stating that "each individual's subjective deliberate indifference must be examined separately,"[142] the Fifth Circuit held that the

---

[134] *Id.* at 202.

[135] *See Pearson*, 555 U.S. at 236 ("On reconsidering the procedure required in *Saucier*, we conclude that, while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory."); *see also Cutler v. Stephen F. Austin State Univ.*, 767 F.3d 462, 469 (5th Cir. 2014).

[136] *Bias v. Woods*, 288 F. App'x 158, 162 (2008) (citing *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

[137] *Blank v. Eavenson*, 530 F. App'x 364, 368 (5th Cir. 2013) (citing *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)).

[138] *Id.*

[139] *Id.* (citing *Tamez v. Manthey*, 589 F.3d 764, 770 (5th Cir. 2009)).

[140] *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002). The defendants were the Dallas County Sheriff in his official capacity and the Dallas County Chief Medical Officer in his official capacity.

[141] *Id.* at 262.

[142] *Id.* (citing *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999)).

plaintiff proved that all the nurses who primarily treated the plaintiff "had actual knowledge of the risk posed by the development and worsening of [plaintiff's] ulcers."[143] The court reasoned that the nurses changed plaintiff's dressings on several occasions, so they observed the large holes developing in plaintiff's skin.[144] The court further reasoned that "the jail medical staff were aware of pressure sores on Lawson's back as early as November 6, 1993," and the jail received notice of its inadequate care each time the plaintiff had to be sent to the hospital.[145] Finally, the court held that plaintiff proved deliberate indifference by showing that the jail medical staff, who had actual knowledge as mentioned above, disobeyed specific mandatory orders from doctors regarding plaintiff's care.[146]

In contrast with *Lawson*, the Fifth Circuit in *Oliver v. Kanan* determined that the plaintiff did "not state an Eighth Amendment deliberate-indifference claim."[147] Plaintiff alleged that the "medical staff improperly withheld medication for his eyes, that he had a reaction to an unspecified medication, that medical staff failed to provide him with soft sole shoes, and that Physician's Assistant . . . stated that he had no 'wonder drug' for [plaintiff]."[148] The Fifth Circuit determined that these allegations "fail[] to state the harm suffered and fail[] to show that medical staff knew of, and disregarded, a substantial risk of serious harm."[149] Plaintiff further alleged that doctors failed to treat his diarrhea and bloody stool, despite knowing his conditions. The court stated that plaintiff's statements "show[ed] no duration to his conditions and admit[ted] that doctors had performed tests to determine the cause (the results of which had not all been returned)," so the

---

[143] *Id.*
[144] *Id.*
[145] *Id.*
[146] *Id.* at 263. The court stated, "Doctors at Tri-City and Parkland sent specific mandatory orders to the jail medical staff to turn Lawson every one or two hours, provide Lawson with a foam mattress, and conduct hydrotherapy. The jail nurses did not follow these instructions, despite their actual knowledge of the seriousness of Lawson's condition.
[147] *Oliver v. Kanan*, 428 F. App'x 481, 482 (5th Cir. 2011).
[148] *Id.*
[149] *Id.*

court held that plaintiff made "no showing of conscious disregard of a substantial risk of serious harm by the medical staff."[150] Finally, plaintiff alleged that the "prison medical staff did not treat his complaint" for breast pain and a swollen right arm.[151] However, the court held that these allegations were not sufficient to state a medical-indifference claim, as plaintiff did not allege that the staff consciously disregarded a risk of serious harm.[152]

In the amended complaint, Plaintiff states that "officers refused to allow [him] to take his medications, causing him physical and mental discomfort."[153] Unlike in *Lawson*, where there was common medical knowledge about proper care of a paraplegic, Plaintiff alleges no facts in support nor does he submit any evidence that Defendants had a "subjective knowledge of facts from which an inference of substantial risk of serious harm could be drawn."[154] Moreover, Plaintiff does not examine the subjective deliberate indifference of each individual separately, per the Fifth Circuit's requirement in *Lawson*.[155] Plaintiff points to no evidence that Defendants actually drew any inference regarding a substantial risk of serious harm to Plaintiff.[156] Additionally, as stated in *Oliver*, failure to treat Plaintiff's medical complaint does not mandate the conclusion that Defendants intended any harm to occur.[157] As a result, Plaintiff fails to cite to, or provide any materials in the record that support the assertion that Defendants acted with deliberate indifference.

Plaintiff also does not submit any facts or authority as to whether his claim constitutes a "serious medical need." Plaintiff states generally that he suffered from mental and physical

---

[150] *Id.*
[151] *Id.*
[152] *Id.*
[153] Rec. Doc. 3 at 6.
[154] *Blank,* 530 F. App'x at 368 (citing *Tamez,* 589 F.3d at 770).
[155] *Lawson*, 286 F.3d at 263.
[156] *Id.* (stating that the defendants had actual knowledge, since, as stated above, "[t]he nurses changed [plaintiff's] dressings on several occasions and must have observed first-hand the large holes developing in [plaintiff's] skin.")
[157] *Oliver*, 428 F. App'x at 482.

discomfort from not taking his medicine.[158] The Fifth Circuit has not provided a definition of what constitutes a "serious medical need," but the Court finds no authority where such a broad allegation is sufficient to plead "serious medical needs." In *Farinaro v. Coughlin*, a court in the Southern District of New York, stated that discomfort could constitute a serious medical need.[159] However, the court stated that a plaintiff has to allege a "specific showing of pain, discomfort, or risk to health."[160] Here, since Plaintiff has not alleged any facts regarding even discomfort, he has not made a "specific showing." Regardless, it is unnecessary to determine whether Plaintiff's discomfort constitutes a serious medical need, since Plaintiff has failed to support the claim that Defendants acted with deliberate indifference.

Moreover, qualified immunity requires that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."[161] Neither Plaintiff nor Defendants have argued whether it was reasonable to deny Plaintiff his prescription medicine based on the circumstances of finding it. Although Defendants argue that "probable cause existed for Plaintiff's arrest for illegal possession of prescription narcotics," they do not assert that it was reasonable to deny Plaintiff his medication based on this probable cause. Regardless, since Plaintiff carries the burden of proving the inapplicability of qualified immunity, Plaintiff must prove that Defendants' actions were objectively unreasonable. As Plaintiff alleges no facts in support of nor submits any evidence that Defendants were unreasonable in denying Plaintiff's request for his medication, Plaintiff does not meet this burden. Nevertheless, as above, it is unnecessary to determine if Defendants' actions were objectively reasonable, since Plaintiff has failed to cite to, or provide, any materials in the record that support the claim that Defendants acted with deliberate

---

[158] Rec. Doc. 3 at 6.
[159] *Farinaro v. Coughlin*, 642 F.Supp. 276, 279 (S.D.N.Y 1986).
[160] *Id.*
[161] *Saucier,* 533 U.S. at 202.

indifference.

Although Plaintiff had a constitutional right to medical care, he fails to allege facts in support, nor does he submit any evidence, that the Defendants acted with deliberate indifference. Consequently, Plaintiff has failed to support the claim that there was a constitutional violation, and Defendants are entitled to qualified immunity.

Based on the foregoing, the Court finds that Defendants are entitled to summary judgment on Plaintiff's false arrest and cruel and unusual punishment claims. Since the Court has determined that Defendants are entitled to summary judgment pursuant to Rule 56, it is unnecessary for the Court to evaluate whether Plaintiff's complaint ought to be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this 9th day of November, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**